**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VIRGIL BRADFORD,

        Petitioner - Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

        Respondents - Appellees.

No. 05-3286

D. Kansas

(D.C. No. 03-CV-3459-SAC)

**ORDER**

Before **HARTZ**, Circuit Judge, **SEYMOUR,** Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

      Virgil Bradford was convicted by a jury in Kansas state court of capital

murder and other offenses, and the conviction was affirmed on appeal. *See State*

*v. Bradford*, 34 P.3d 434, 437 (Kan. 2001). On December 2, 2003, he filed a pro

se habeas application under 28 U.S.C. § 2254 in the United States District Court

for the District of Kansas. He alleged that the Double Jeopardy Clause was

violated by imposition of consecutive sentences for the multiple offenses, and that

the Ex Post Facto Clause was violated by his being sentenced under a statute

enacted after his offense. The district court dismissed the application on the

ground of procedural default, and denied a certificate of appealability (COA), *see*

28 U.S.C. § 2253(c)(1) (requiring COA). Mr. Bradford now seeks a COA from this court on his double-jeopardy claim and on a claim that the judge's fact finding at his sentencing violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We deny a COA.

## I.    BACKGROUND

Mr. Bradford was convicted of capital murder, aggravated robbery, aggravated burglary, and two counts of theft. He was sentenced to life imprisonment without parole ("hard 40") on the capital-murder conviction, 380 months' imprisonment on the aggravated-robbery conviction, 68 months' imprisonment on the aggravated-burglary conviction, and 14 months' imprisonment on each felony theft conviction. The sentences were to run consecutively.

Mr. Bradford appealed his convictions to the Kansas Supreme Court, which affirmed the conviction and sentence on the capital-murder charge, but vacated his other sentences as unconstitutional under *State v. Gould*, 23 P.3d 801 (2001), and *Apprendi*. *See Bradford*, 34 P.3d at 447-48. The court remanded for resentencing. On remand the terms of imprisonment on the noncapital sentences were cut in half. Mr. Bradford then brought a second appeal in state court. In the appeal he unsuccessfully renewed an *Apprendi*-based challenge to the hard-40 sentence that the Kansas Supreme Court had rejected in his first appeal. Also, in

a pro se motion to make corrections in his brief, he raised two new arguments, a double-jeopardy claim and an ex post facto claim. The Kansas Supreme Court held that these arguments were barred because Mr. Bradford had not raised them before the trial court or on his first appeal; it also held that his arguments were "without merit."

Mr. Bradford then filed his application under 28 U.S.C. § 2254 in the district court, raising these same two claims. The district court dismissed the application on the ground that the procedural bar applied by the state court to Mr. Bradford's claims constituted an independent and adequate state ground for the disposition of his constitutional claims and that there was no basis to excuse Mr. Bradford's procedural default. The district court denied a COA, which Mr. Bradford now seeks from us.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must

show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether . . . the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, in order for us to grant Mr. Bradford a COA we must conclude both that the district court's application of the procedural-default doctrine and the merit of Mr. Bradford's substantive constitutional claims are debatable among jurists.

We need not dwell long on Mr. Bradford's *Apprendi* claim. Although he raised his *Apprendi* challenge to the hard-40 sentence before the state court, he did not raise it in the district court habeas proceeding. Therefore, we will not consider this claim. *Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005).

As for the double-jeopardy claim, Mr. Bradford is procedurally barred. "[A]n adequate and independent finding of procedural default will bar federal habeas review of [a] federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to

-4-

consider the federal claim will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (internal quotation marks and citation omitted). This rule applies if the "last state court rendering a judgment in the case rests its judgment on the procedural default." *Id*. The adequate-and-independent-state-ground doctrine bars habeas review of Mr. Bradford's double-jeopardy claim here because the Kansas Supreme Court, in his second and final appeal in the state courts, clearly rested its decision on this claim on his failure to have raised the issue in the trial court or on his previous appeal. Mr. Bradford argues that the procedural-bar doctrine was improperly applied to him for three reasons: (1) he had previously raised the double-jeopardy claim in state court; (2) Kansas law provides for "automatic review" of all cases in which a hard-40 sentence is applied, regardless of whether the defendant follows procedural rules governing the appeal; and (3) the state supreme court actually ruled on the merits of his claims. We disagree.

First, Mr. Bradford has failed to show that he raised his double-jeopardy claim before presenting it to the Kansas Supreme Court on his second appeal. That court said that he had not previously raised the issue. This is a fact finding that is presumed correct unless there is clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). The district court found no support for Mr. Bradford's contention. Nor does Mr. Bradford offer us supporting evidence. He

does claim that he raised double jeopardy on his first appeal. But that claim related to whether he could be subject to the death penalty at retrial if his appeal was successful; he did not challenge the imposition of consecutive sentences on multiple convictions, his current double-jeopardy claim.

Second, Mr. Bradford is incorrect in arguing that Kansas law required the state court to review his claims even though they would normally be procedurally defaulted. He relies on *State v. Alford*, 896 P.2d 1059, 1065 (Kan. 1995), which interpreted Kan. Stat. Ann. § 21-4627 (1992 Supp.), a Kansas statute providing for "automatic review" of hard-40 sentences. *Alford* held that "the only possible interpretation of the phrase 'automatic review' is that review must be given even though the criminal defendant fails to properly follow the normal procedural rules for perfecting the appeal." 896 P.2d at 1065. The flaw in Mr. Bradford's argument is that Kan. Stat. Ann. § 21-4627 (2004), which formerly provided for automatic review of sentences resulting in a "mandatory term of imprisonment" (such as hard-40 sentences), Kan. Stat. Ann. § 21-4647 (1992 Supp.), was amended in 1994 to apply only to convictions "resulting in a sentence of death." Kan. Stat. Ann. § 21-4627 (2004). Furthermore, the Kansas legislature expressly provided that Kan. Stat. Ann. § 21-4627, as it existed prior to July 1, 1994, "shall be applicable only to persons convicted of crimes committed on or after July 1, 1990, and before July 1, 1994." Kan. Stat. Ann. §21-4631(b) (2004). Mr.

Bradford committed his crimes on February 17, 1997. Thus, Kansas's normal procedural rules applied to Mr. Bradford's appeal.

Finally, Mr. Bradford is incorrect in arguing that the state court's alternative merits holding defeats the procedural bar. As the Supreme Court stated in *Harris*, 489 U.S. at 264 n.10: "[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." Nor has Mr. Bradford attempted to show cause and prejudice or that a fundamental miscarriage of justice will result from applying procedural bar here.

Because no reasonable jurist could determine that the district court's application of the procedural-default doctrine was debatable, we DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge